OVERBAUGH v. WIEBER et al.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. MASTER AND SERVANT—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a master for negligence causing the death of a servant, evidence *held* to justify submission to the jury of the question whether deceased was guilty of contributory negligence.

2. SAME—ASSUMPTION OF RISK.

In an action against a master for negligence causing the death of a servant, evidence *held* to justify submission to the jury of the question whether deceased had assumed the risk.

Appeal from Trial Term, Ulster County.

Action by Alberta Overbaugh, as administratrix of Harry H. Overbaugh, deceased, against Henry E. Wieber and others. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendants appeal. Affirmed.

The defendants were contractors laying sewer pipe in the village of Saugerties. Upon the 23d day of August, 1904, a trench had been constructed in one of the streets of said village which was about nine feet in depth and three feet wide. Upon the 21st of that month there had been somewhat of a cave-in in said trench, part of the side falling into the trench. The dirt thus having fallen in had been removed or was being removed by the plaintiff's intestate and others upon the morning of the 23d of August. At that date, while plaintiff's intestate was in the ditch, a large amount of dirt caved in upon him, causing his death. This action is brought by his administratrix, in behalf of his wife and infant child, to recover damages for the injury claimed to have been caused by the defendants' negligence.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Linson & Van Buren (Augustus H. Van Buren, of counsel), for appellants.

Howard Chipp, for respondent.

SMITH, J. Appellants' counsel rests his claim for reversal of this judgment upon the ground that plaintiff's intestate was guilty of negligence which contributed to produce his death, and also upon the ground that he, with full knowledge of the danger of the situation, continued in defendants' employ, thereby assuming such risk as was incidental to the unguarded trench. That the jury was authorized to find the defendants guilty of negligence in not protecting the plaintiff's intestate is not questioned in the appellants' brief. Nor is any question made as to any ruling by the learned trial judge during the progress of the trial.

As we view this case, it will not be necessary here to determine whether the assumption of risk is an affirmative defense which must

be pleaded, or whether the third section of the employer's liability act (Laws 1902, p. 1748, c. 600) applies to cases brought upon the common-law liability without service of the notice prescribed in the act. Granting, for the argument, the appellants' contention upon both these questions, we still think the judgment was right and must be affirmed.

The plaintiff's intestate was a young man 26 years of age. It appears from the evidence of his wife that he had never before been engaged in ditching. He had worked as a truckman, upon a steamboat, and upon a farm. The work of ditching was, however, new to him. While there had been a cave-in of which he must have been aware, the extent to which the ditch was filled thereby does not appear. The trench was filled to the depth of a foot only, as it appeared to him on the morning he went to work. While dirt was falling continually while he was there at work, it was only in small quantities. There was nothing in anything that happened to give him notice, as matter of law, that the dirt might fall into the trench in such large quantities as to bury him and take his life. Whether or not he was guilty of contributory negligence in working there, was, in our judgment, properly submitted to the jury, and we cannot say that the verdict which they found was not justified by the evidence.

Nor had the plaintiff's intestate knowledge equal to that of the defendants of the dangers of the situation. The defendants were experienced contractors. They had dug ditches before. With 200 men in their employ in digging ditches, some of them 9 feet deep, it was their business to know the danger of a cave-in, and to protect the trenches in order that the place in which their men were compelled to work might be made safe. The doctrine of assumption of risk by an employé is based upon his knowledge equal to that of the master of the dangers inherent in the situation. The jury might well have found in the case at bar that the plaintiff's intestate had no such equal knowledge, and therefore that he did not assume the risk of the accident for which his administratrix has recovered this verdict.

The judgment should therefore be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.